**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 4:14CR00178 HEA/TIA** |
| **v.** | ) | |
| | ) | |
| **MELVIN L. WILSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SENTENCING MEMORANDUM**

Defendant, Melvin Wilson, respectfully requests that this Court consider the factors supporting a downward variance under 18 U.S.C. § 3553(a) and impose a sentence in this case of 84 months to run concurrently with the outstanding probation revocation matter, which is currently pending, followed by a period of supervised release of five years.

Mr. Wilson agrees that the advisory sentencing guidelines range, as set forth in the Presentence Report, is (prior to consideration of any requests for a variance) 140-175 months, based on a total offense level of 29 and a criminal history score of 12, within Zone D of the Sentencing Table. However, the offense in this case includes a statutory maximum sentence of ten-years and, thus, the guideline maximum is 120 months. As discussed below, Mr. Wilson suffered regular physical abuse at the hand of his father throughout his childhood and grew up in a household surrounded by violence and drug use which greatly impacted Mr. Wilson's emotional development and ability to distinguish right from wrong. For this reason, Mr. Wilson respectfully requests that this Court recognize his limitations and sentence him to a period of time less than 120 months.

1

## Discussion

Congress has mandated that a sentencing court "impose a sentence sufficient, *but not greater than necessary*, to" achieve certain specified objectives of sentencing.  See 18 U.S.C. § 3553(a) (emphasis added).

Prior to 2005, the Court, in general, was required to impose a sentence in accordance with the federal sentencing guidelines.  However, "[i]n *United States v. Booker*, 543 U.S. 220, 224 (2005), the Supreme Court ruled that mandatory application of the Guidelines based on judicially-found facts violated defendants' Sixth Amendment rights."  *United States v. Wadena*, 470 F.3d 735, 737 (8th Cir. 2006).  Accordingly, "the Guidelines are no longer mandatory." *United States v. Ture*, 450 F.3d 352, 356 (8th Cir. 2006).

The Court of Appeals has laid out the methodology that a sentencing Court should follow, post-*Booker*, when determining the sentence to impose:

> In sentencing a defendant, a district court must first determine the advisory sentencing range as recommended by the Guidelines . . . .  Next, the district court should decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range . . . .  The term "departure" is "a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines" . . . .  The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a "final advisory Guidelines sentencing range" . . . .  Finally, in determining the actual sentence that should be imposed, a district court must consider whether the factors in 18 U.S.C. § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range . . . .  As opposed to a "departure," a "variance" refers to a "non-Guidelines sentence" based on the factors enumerated in Section 3553(a).

*United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010) (citations omitted).

## I.   GUIDELINES SENTENCING RANGE

Mr. Wilson agrees that the sentencing guidelines range, as calculated in the PSR, is 120

months, pursuant to § 5G1.1(a) of the United States Sentencing Guidelines.  See PSR, ¶ 87.

## II.    DOWNWARD DEPARTURE

Mr. Wilson has not identified a basis for a downward departure from the sentencing guidelines in this case.

## III.    CONSIDERATION OF FACTORS PURSUANT TO 18 U.S.C. § 3553(a)

This Court must determine the actual sentence after applying the factors listed in 18 U.S.C. § 3553(a).  *Lozoya*, 623 F.3d at 626.[1]  Mr. Wilson respectfully suggests that application of the statutory factors to the circumstances of this proceeding should lead this Court to sentence him to a period of 84 months to run concurrent with the outstanding probation revocation matter, followed by a five-year period of supervised release.

### 1.    Offense and offender characteristics (18 U.S.C. § 3553(a)(1))

Mr. Wilson suffered a through a turbulent upbringing.  He remembers being subject to regular beatings at the hand of his abusive father.  See PSR, ¶ 62.  In addition, he also witnessed his father, a drug addict, violently abusing his mother in his home.  These events represent the behaviors that shaped Mr. Wilson's development.  He did not have a positive role model growing up to teach Mr. Wilson right from wrong.  Mr. Wilson does not provide this information to excuse his behavior; rather, to provide insight as to what lead to his poor decision-making and actions.  In addition, Mr. Wilson submits that he has no history of criminal activity, including sexual offenses, with minors.  For these reasons, Mr. Wilson suggests that 18 U.S.C. §

---

[1]The Supreme Court has summarized the section 3553(a) factors as follows:  (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, and (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.  See *Rita v. United States*, 551 U.S. 338, 347-48 (2007).

3553(a)(1) (circumstances of the offense and history and characteristics of the defendant) support

Mr. Wilson's request for a sentence of 84 months in this case.

### 2. Need for sentence to promote just punishment, deterrence, incapacitation and rehabilitation (18 U.S.C. § 3553(a)(2))

A sentence of 84 months with a recommendation for Mr. Wilson's participation in

Residential Drug Abuse Program (RDAP) would allow him access to substance abuse treatment

### 3. Kinds of sentences available (18 U.S.C. § 3553(a)(3))

In the case at hand, a downward variance, for the reasons set forth in this memorandum,

would permit this Court to sentence Mr. Wilson to 84 months.

### 4. Sentencing Guidelines, including policy statements (18 U.S.C. § 3553(a)(4) and (5)), and need to avoid unwarranted sentencing disparity (18 U.S.C. § 3553(a)(6))

Mr. Wilson does not believe these factors apply to his suggestion that a sentence of 84

months is appropriate in this case.

### 5. Need to provide restitution (18 U.S.C. § 3553(a)(7))

The PSR recognizes that Mr. Wilson's current financial situation does not indicate an

ability to pay a fine.  PSR ¶ 85.

<u>Conclusion</u>

For the foregoing reasons, Mr. Wilson respectfully suggests that the relevant factors,

including the facts and circumstances surrounding Mr. Wilson's upbringing and criminal history,

demonstrate that a sentence of 84 months to run concurrent with the outstanding probation

revocation matter, followed by a period of supervised release of five years represents a sentence

sufficient but not greater than necessary to carry out the statutory objectives of sentencing.

Respectfully submitted,


Capes, Sokol, Goodman & Sarachan, P.C.


     */s/ William S. Margulis*
WILLIAM S. MARGULIS, #37625MO
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: 314.721.7701
Facsimile: 314.721.0554
wmargulis@capessokol.com
ATTORNEYS FOR DEFENDANT


## **Certificate of Service**

I hereby certify that on May 29, 2015, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorney Jennifer Winfield and all other counsel in this case.


     */s/ William S. Margulis*